# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

| | | |
|---|---|---|
| RICHARD COURSEY, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Acting | * | No. 3:17cv00216-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

## **MEMORANDUM AND ORDER**

Plaintiff, Richard Coursey, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff is forty-three years old. (Tr. 55.) He has a tenth grade education and no past relevant work. (Tr. 37, 56.)

The Administrative Law Judge (ALJ)[1] first found Mr. Coursey had not engaged in substantial gainful activity since April 14, 2015 – the application date. (Tr. 33.) The ALJ found he had "severe" impairments in the form of cervical spine spondylosis, status post fusion surgery, right shoulder degenerative joint disease, and migraine headaches. (*Id.*) The ALJ further found Mr. Coursey did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 33-34.)

The ALJ next determined Mr. Coursey had the residual functional capacity to perform a slightly reduced range of sedentary work. (Tr. 34.) Because Plaintiff had no past relevant work, the ALJ utilized the services of a vocational expert to determine if jobs existed in significant numbers that Mr. Coursey could perform despite his impairments. (Tr. 74-76.) The ALJ determined Mr. Coursey could perform the jobs of lampshade assembler and general office clerk. (Tr. 38.) Accordingly, the ALJ determined Mr. Coursey was not disabled. (*Id.*)

The Appeals Council received additional information but denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

Plaintiff argues, *inter alia*, his case should be remanded because the ALJ's residual functional capacity assessment is flawed. (Doc. No. 11 at 13-17.) Plaintiff more specifically argues ". . . the medical evidence does not support the ALJ's decision." (*Id.* at 13.) After careful review of the record and pleadings, I agree with Plaintiff and find the case should be remanded for further development of the record.

This case should be remanded because the ALJ gave "substantial weight" to Roger L. Troxel, M.D., William Harrison, M.D., and Lucy Sauer, M.D., and none of these doctors had the benefit of reviewing Plaintiff's more recent diagnostic tests. Dr. Troxel performed his evaluation of Plaintiff on December 18, 2014. And Drs. Harrison and Sauer completed their assessments on June 24, 2015, and July 20, 2015, respectively. Yet, a computerized tomography (CT) scan from August 28, 2015, reveals Plaintiff had "Discogenic degenerative changes at C6-C7, with a right paracentral disc osteophyte complex resulting in significant right-sided neuroforaminal stenosis." (Tr. 320.) A later magnetic resonance imaging examination on February 4, 2016, revealed "Severe [degenerative disc disease] of the right shoulder," among other things. (Tr. 332-333.)

It appears to me that these recent diagnostic tests are significant and would potentially alter the outcome of these doctors' opinions. Therefore, this matter should be returned to the Commissioner for further consideration of this evidence.

This case is a close call because the ALJ has cited some valid reasons to discount Plaintiff's allegations. Plaintiff has a very poor work history and engages in destructive behavior - including a daily habit of smoking cigarettes. But I agree that the ALJ's residual functional capacity assessment needs further consideration. The doctors on which the ALJ heavily relied did not have the entire medical record before them when they rendered their opinions. Therefore, this case should be remanded to the Commissioner for further development of the record. On remand, the

Commissioner should obtain updated opinions from Drs. Troxel, Harrison, and Sauer (or other suitable medical professionals of the Commissioner's choosing) after they have had a chance to review Plaintiff's entire medical records.

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and all pending motions are rendered moot. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 16th day of January, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE